UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL J. YATES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 19-cv-06384-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 15 |

Plaintiff Michael Yates sues the United States for alleged illegal collection activities by the Internal Revenue Service ("IRS") and seeks a refund of tax penalties he claims he paid. The government now moves to dismiss Mr. Yates's amended complaint, the operative pleading, arguing that he has not exhausted his administrative remedies and fails to state a claim for relief. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the Court grants the motion to dismiss in part and denies it in part.[1]

## I. BACKGROUND

The present action arises out of the IRS's assessment of penalties against Mr. Yates for the alleged failure to report participation in certain life insurance plans on his tax returns for the years 2008, 2009, 2010 and 2011. According to Mr. Yates's amended complaint, the basis for the penalty imposed for 2008 was that he failed to report his participation in the Income Security Program ("ISP"), a program that Mr. Yates acknowledges is a reportable transaction. Dkt. No. 27

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 17.

¶ 9. Mr. Yates contends that he properly reported the ISP transaction for the year 2008. *Id*. ¶ 28. He further alleges that the basis for the imposition of the penalties for the years 2009-2011 was his alleged failure to disclose a different reportable transaction under a Group Term Life Insurance Plan ("GTLP"). *Id*. Mr. Yates maintains that he did not participate in a reportable transaction for the years 2009-2011, and that the only participant in the GTLP was Interior Glass, Inc. ("Interior Glass").[2] *Id*.

The amended complaint alleges that although Mr. Yates fully paid the assessed penalties for all four tax years in July 2014, the IRS subsequently assessed the same penalties for 2010 and 2011 a second time in June 2017, and then filed tax liens to collect those penalties in April 2018. *Id*. ¶¶ 6, 8, 10. Mr. Yates says that upon learning of the liens, he timely requested a Collection Due Process ("CDP") hearing, which he says should have suspended all collection efforts. *Id*. ¶ 12. While the CDP process was pending, the IRS reportedly acknowledged that the new penalties assessed in 2017 were the same penalties Mr. Yates paid in July 2014, but nonetheless proceeded to seize $26,886 from his 2017 tax refund to pay for the 2010 and 2011 penalties Mr. Yates says he had already paid years before. *Id*. ¶¶ 14, 15. Mr. Yates alleges on information and belief that "on March 20, 2019, the IRS approved the refund of the improperly seized $26,886 plus interest." *Id*. ¶ 21. Nevertheless, he contends that the penalties for all four tax years were wrongfully assessed in the first place, and that "[n]o part of the penalties paid in July 2014 has been refunded." *Id*. ¶ 7.

Mr. Yates asserts two claims for relief. His first claim is based on 26 U.S.C. § 7433 for alleged illegal collection actions and concerns the duplicative penalties assessed for the years 2010 and 2011. Mr. Yates claims that the IRS not only wrongfully assessed penalties for those tax years a second time, but in the process of collecting those penalties, also failed to provide him with certain letters and notices required by the IRS's own rules and regulations.

In his second claim for relief under 26 U.S.C. § 6707A, Mr. Yates seeks a refund of the penalties he says he paid. As alleged in his amended complaint, Mr. Yates sought a refund for the

---

[2] Although not expressly stated in his amended complaint, Mr. Yates does not deny the government's assertions that Interior Glass is a corporation solely owned by him.

penalties assessed for all four tax years 2008, 2009, 2010 and 2011. As discussed below, however, Mr. Yates concedes that only the years 2008 and 2011 are at issue in his claim for a refund. The amended complaint alleges that Mr. Yates is entitled to a refund of the penalties paid for those two tax years on several grounds. As noted above, Mr. Yates claims that he properly reported the ISP transaction for 2008 and maintains that he did not participate in the GTLP for the year 2011. Additionally, Mr. Yates contends that he is entitled to a refund because the IRS "[s]ubjected [him] to disparate treatment" by applying its rules and audit guidelines differently than it applies those same rules and guidelines to other taxpayers; failed to show that the initial assessment of penalties was personally approved in writing by the supervisor or other person required to approve assessment of a penalty, pursuant to 26 U.S.C. § 6751(b)(1); and allegedly entrapped him into filing his 2011 tax return without reporting the GTLP. With respect to this last allegation, Mr. Yates claims that by March 2012 the IRS determined that the GTLP was a reportable transaction, but intentionally delayed informing him of that decision until after he had already filed his 2011 tax return in October 2012. *Id*. ¶¶ 28-32.

With respect to Mr. Yates's first claim for alleged illegal collection activities, the government argues that this claim should be dismissed pursuant to either Rule 12(b)(1) or 12(b)(6) for failure to exhaust administrative remedies and for failure to state a claim for relief. As for his second claim for a refund, the government contends that Mr. Yates is collaterally estopped from seeking relief based on matters that have already been adjudicated in prior litigation filed by Interior Glass. Additionally, the government argues that Mr. Yates is jurisdictionally barred from seeking a refund based on any other grounds because those grounds were either not raised in his administrative claims or were raised only in untimely amended administrative claims.

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of a plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing

*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint and is not required to presume the truthfulness of the plaintiff's allegations. *Id*. The party asserting federal subject matter jurisdiction bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**B.     Rule 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id*.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned,

4

the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

Documents appended to or incorporated into the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

## III. DISCUSSION

### A. Alleged Illegal Collection Activities, 26 U.S.C. § 7433

The government contends that this claim, based on duplicate penalties assessed for the years 2010 and 2011, must be dismissed because Mr. Yates did not exhaust his administrative remedies. Additionally, the government notes that it returned to Mr. Yates the levied $26,886, plus interest, and that the amended complaint fails to state any basis for damages.

Before filing a claim under 26 U.S.C. § 7433, a taxpayer must first exhaust all administrative remedies available. 26 U.S.C. § 7433(d)(1). To exhaust administrative remedies for claims brought under 26 U.S.C. § 7433, the relevant regulation requires a taxpayer to (1) submit a written claim to the director of the district in which the taxpayer resides, including the following information: (a) the taxpayer's contact information and convenient times to be contacted; (b) the grounds, in reasonable detail, for the claim, (c) a description of the taxpayer's claimed injuries and any substantiating documentation; (d) the dollar amount of the claim, and (e) the signature of the taxpayer or a duly authorized representative. 26 C.F.R. § 301.7433-1(e). A lawsuit may not be filed in a district court until the date of the IRS's decision on the administrative claim or six months after the filing date of the administrative claim, whichever is earlier. 26 C.F.R. § 301.7433-1(d)(1).

Although the parties dispute whether the exhaustion requirement under 26 U.S.C. § 7433 is jurisdictional in nature,[3] this Court need not resolve that issue. At oral argument, Mr. Yates contended that he had raised this matter with the IRS prior to filing the present suit, but if exhaustion as specified in § 7433 is required, then he agreed it would be appropriate to dismiss

---

[3] Mr. Yates points out that other circuits have concluded that exhaustion is not jurisdictional, but does not address Ninth Circuit decisions the government claims indicate that the exhaustion requirement is jurisdictional.

this claim without prejudice, pending administrative exhaustion of the claim. Mr. Yates has not cited any authority indicating that the filing of his request for a CDP hearing is sufficient to exhaust his administrative remedies as specifically required under 26 U.S.C. § 7433, and at least some courts appear to have rejected such arguments. *See Harris v. United States*, No. 06-288 Erie, 2009 WL 866848, at *5 (W.D. Pa. Mar. 30, 2009) ("Harris' position appears to be that, by mistakenly offering him the right to apply for a CDP hearing, the IRS created a right to such a hearing, thereby establishing an alternative mechanism for exhausting his administrative remedies notwithstanding the requirements of 26 C.F.R. § 301.7433–1(e). Harris cited no authority to support such a proposition, and it is flatly inconsistent with the authority cited above."); *Bullard v. United States*, 486 F.Supp.2d 512, 518 (D. Md. 2007) ("Though Bullard alleges in his papers that he has pursued every administrative remedy available to him, it is clear to the Court that he has not complied with the specific administrative procedures set forth under the regulations in order to preserve a claim for damages. While he did take a number of steps seeking primarily to stop the levy, his failure to follow the specific procedures for pursuing a damage claim deprives this Court of jurisdiction to hear it.").

Accordingly, Mr. Yates's claim for alleged illegal collection activities is dismissed without prejudice to administratively exhaust his claim. However, nothing in this order should be construed as requiring the government to address or respond to any such administrative claim other than as the law may require.

**B.     Claim for Refund, 26 U.S.C. § 6707A**

The government acknowledges that Mr. Yates filed administrative claims and amended administrative claims for a refund with the IRS prior to filing this lawsuit. *See* 26 U.S.C. § 7422(a) (providing that a taxpayer may not file a lawsuit for a refund "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."). "The requirement for filing a proper refund claim is designed both to prevent surprise and to give adequate notice to the [IRS] of the nature of the claim and the specific facts upon which it is predicated, thereby permitting an administrative investigation and determination." *Computervision Corp. v. United States*, 445 F.3d

6

1355, 1363 (Fed. Cl. 2006) (internal quotations and citation omitted).  However, the government argues that Mr. Yates is collaterally estopped from asserting arguments made in his original administrative claims because those matters have already been adjudicated in prior litigation brought by Interior Glass over penalties that the IRS separately assessed against the company in connection with the same insurance transactions.  *See Interior Glass Sys., Inc. v. United States*, 927 F.3d 1081 (9th Cir. 2019); *Interior Glass Sys., Inc. v. United States*, No. 5:13-cv-05563-EJD, 2016 WL 4717765 (N.D. Cal. Aug. 12, 2016).  Additionally, the government argues that Mr. Yates is jurisdictionally barred from asserting arguments made in his untimely filed amended administrative claims, as well as any arguments that were not asserted in either his original or amended administrative claims.

Preliminarily, the parties dispute whether this Court properly may consider copies of Mr. Yates's administrative claims, which the government has submitted in support of its present motion (*see* Dkt. Nos. 15-1 to 15-3).  Although Mr. Yates's amended complaint did not append these administrative claims, it expressly references his submission of administrative claims for a refund.  Dkt. No. 9 ¶ 26.  The viability of Mr. Yates's action against the United States depends upon those claims and their contents, and he does not dispute the authenticity of the documents the government submitted in connection with the present motion.  Accordingly, the Court concludes that it properly may consider Mr. Yates's administrative claims under the incorporation by reference doctrine.  *See Wright v. City of Santa Cruz*, No. 13-cv-01230-BLF, 2014 WL 3058470, at *4 (N.D. Cal. July 3, 2014) (considering the plaintiff's administrative tort claims under the incorporation by reference doctrine).

With respect to Mr. Yates's original administrative claims, the government argues that, in view of rulings made in the prior *Interior Glass* litigation, Mr. Yates is collaterally estopped from asserting the only two arguments made in those administrative claims, i.e., that the GTLP is not a reportable transaction and that Interior Glass relied on the advice of tax professionals in filing its tax returns.  Mr. Yates does not appear to dispute this argument, although he notes that his amended complaint does not assert either of these grounds as a basis for his refund claim.  As noted above, he also clarified at oral argument that his refund claim pertains only to the tax years

7

2008 and 2011, and not all four years as alleged in his amended complaint.

The remainder of the parties' arguments focus on Mr. Yates's amended administrative claims, which Mr. Yates admittedly did not timely file within the period prescribed by statute. A taxpayer must file a refund claim with the IRS within three years from the time the pertinent return was filed or two years from the time the relevant tax was paid, whichever is later. 26 U.S.C. § 2611(a). Mr. Yates's amended complaint alleges that he paid the subject penalties in July 2014 and then filed an administrative claim for refund in August 2014, followed by his amended claims in July 2017. Dkt. No. 9 ¶¶ 25-26. His amended administrative claims therefore were filed more than three years from the time his 2008 and 2011 tax returns were filed, and more than two years after he says he paid the subject penalties in July 2014. The key point of contention is whether, under the variance doctrine, Mr. Yates nonetheless may pursue arguments made in his untimely amended administrative claims because those untimely arguments are "germane" to those made in his timely original claims to the IRS.

The variance doctrine "permits consideration of a claim for refund despite failure to timely file detailed formal claims with the IRS when a substantial variance from the requirements of the regulation [requiring the filing of timely and proper claims] is not involved." *Computervision Corp.*, 445 F.3d at 1364. "In many cases, the issue is whether there is a substantial variance from a timely filed claim." *Id.* at 1364 n.8. However, untimely claims are saved "only in four limited situations," each of which "has itself come to be identified as a separate doctrine." *Id.* at 1364. At issue here is whether Mr. Yates's untimely administrative claims fall within the "germaneness doctrine," which applies only where the taxpayer:

> (1) files a formal claim within the limitations period making a specific claim; and (2) after the limitations period but, while the IRS still has jurisdiction over the claim, files a formal amendment raising a new legal theory—not specifically raised in the original claim—that is "germane" to the original claim, that is, it depends upon facts that the IRS examined or should have examined within the statutory period while determining the merits of the original claim.

*Id.* at 1370. Under the germaneness doctrine, the inquiry "is not whether the particular legal *theory* for recovery has been considered by the IRS during the limitations period but whether the underlying *facts* supporting that legal theory were discovered or should have been discovered by

8

the IRS in considering the original claim during the limitations period." *Id.* (emphasis added). Mr. Yates's amended complaint states that the IRS denied all of his administrative claims in February 2018 (Dkt. No. 9 ¶ 26); and, for present purposes, no one disputes that Mr. Yates submitted his amended claims to the IRS at a time when the IRS still had jurisdiction over his original claim. But the parties disagree whether his amended claims depend on facts that the IRS examined or should have examined while considering the merits of his original claim.

Putting aside those arguments which Mr. Yates appears to concede he is estopped from pursuing in this litigation, the government contends that the remaining assertions in his untimely amended administrative claims are entirely distinct from those asserted in his timely original claims. As noted above, Mr. Yates's original administrative claims asserted that the subject transactions were not reportable events, as well as reliance on the advice of tax professionals. Dkt. No. 15-2. In his amended complaint filed in this Court, Mr. Yates asserts the following as grounds for a refund:

- He properly reported the transaction on his 2008 tax return.
- Interior Glass was the only participant in the transaction, and any IRS regulation or rule that treats Mr. Yates as a participant is unreasonable, arbitrary and capricious.
- The IRS applied its rules and guidelines differently with respect to Mr. Yates, than it has applied those same rules and guidelines to other taxpayers.
- The IRS entrapped Mr. Yates into filing his 2011 return without reporting the GTLP, by failing to inform him that it had determined that the GTLP is a reportable transaction.
- The IRS has not demonstrated that the initial assessment of penalties was approved by a supervisor, as Mr. Yates claims is required by 26 U.S.C. §6751(b)(1).

Dkt. No. 9 ¶¶ 28-32.

Turning first to Mr. Yates's last allegation, it is entirely distinct from the two grounds asserted in his timely original claims. Moreover, no such assertion appears in any of Mr. Yates's administrative claims for relief. *See Quarty v. United States*, 170 F.3d 961, 972 (1999) ("If the [refund] claim on its face does not call for investigation of a question, the taxpayer may not later

9

raise that question in a refund suit.") (internal quotations and citation omitted). Mr. Yates's reliance on *Chai v. Comm'r of Internal Revenue*, 851 F.3d 190 (2d Cir. 2017) for the proposition that he is entitled to raise alleged noncompliance with 26 U.S.C. § 6751(b) at any time, is misplaced. The taxpayer in *Chai* raised noncompliance with 26 U.S.C. § 6751(b) for the first time in post-trial briefing before the Tax Court, whereas Mr. Yates seeks to raise this argument for the first time in his suit for a refund in this Court. Accordingly, the government's motion to dismiss is granted as to Mr. Yates's assertion that the IRS failed to demonstrate that the initial assessment of penalties was approved by a supervisor, as Mr. Yates claims is required by 26 U.S.C. §6751(b)(1).

As for the amended complaint's remaining asserted grounds for a refund, these assertions do appear to have been made in Mr. Yates's untimely amended administrative claims to the IRS.[4] Mr. Yates contends that the IRS had sufficient facts and notice of the matters raised in his amended administrative claims and could in no way have been unfairly surprised by those arguments. As an example, Mr. Yates claims that the IRS has his 2008 tax return records and should have discovered for itself that he made a proper disclosure. The government raises legitimate concerns that Mr. Yates's amended claims raise new theories that would require the IRS to consider facts that it might not otherwise consider in connection with Mr. Yates's original administrative claims. Moreover, the Court is not convinced that simply possessing the facts necessary to investigate a particular assertion is sufficient to bring Mr. Yates's untimely amended administrative claims within the germaneness doctrine. *See Computervision Corp.*, 455 F.3d at 1371 ("Even if the IRS possessed the facts necessary to make this computation, it is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund.") (internal quotations and citation omitted). However, the parties' dispute involves questions of fact—i.e., what information the IRS examined or should have examined within the statutory period while determining the merits of Mr. Yates's original claims—that

---

[4] The government correctly notes that Mr. Yates's administrative claims do not contain an assertion that IRS rules and regulations are unreasonable, arbitrary and capricious. However, that assertion appears to be related to arguments in Mr. Yates's amended administrative claims that he was not a participant in the subject transactions.

cannot be resolved at the pleading stage.[5]

Accordingly, the Court denies the United States' motion to dismiss as for the remaining grounds for a refund asserted in Mr. Yates's amended complaint. However, the Court will consider permitting the United States to file a dispositive motion with respect to Mr. Yates's second claim for a refund after the parties have had the opportunity to conduct limited, targeted discovery on the issues presented.

**IV.     CONCLUSION**

Based on the foregoing, the Court grants in part and denies in part the government's motion to dismiss as follows:

1. With respect to Mr. Yates's claim for alleged illegal collection activities, 26 U.S.C. § 7433, the government's motion to dismiss is granted without prejudice.

2. With respect to Mr. Yates's second claim for a refund, 26 U.S.C. § 6707A, the government's motion to dismiss is granted as to Mr. Yates's allegation of noncompliance with 26 U.S.C. § 26 U.S.C. §6751(b)(1), but is otherwise denied.

**IT IS SO ORDERED.**

Dated:  May 22, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[5] Mr. Yates suggests that he did not learn about certain of the asserted grounds for a refund until after receiving discovery in the *Interior Glass* litigation. Neither party was prepared to address whether the timing of Mr. Yates's claimed discovery of the asserted bases for a refund should have any impact on the Court's resolution of the government's motion to dismiss for lack of jurisdiction.

11